Williams, J.
In behalf of the plaintiff in error, it is claimed, (1) that under the agreement of the parties as expressed in the condition of the mortgage, Burgett and his wife were obliged to receive their maintenance and support at the residence of Tuttle, and therefore, the failure or refusal to furnish it elsewhere constituted no breach of the condition; or (2), if such is not the legal effect of the condition as written, it was competent to prove by the verbal declarations of Burgett, made contemporaneously with the execution of the contract, or prior thereto, that the support and maintenance were to be provided at the house of the mortgagor; and (3), that the commencement of the suit by Burgett to set aside the conveyance was an abandonment and repudiation of the contract by him, which excused further performance of it by Tuttle.
1. The agreement as expressed in the mortgage contains no stipulation which makes it a condition to the right of the mortgagee and his wife to the support which Tuttle thereby agreed to furnish, that it be accepted at the home of the latter, or which requires that it be either furnished or received at that, or any other specified place. It is silent on that subject, and creates a general obligation on the part of Tuttle to supply Burgett and wife with what ever *503 he agreed to furnish them, without limitation as to the place where performance of the agreement should he made, or might he required. The obligation is expressed in the language of the promisor who executed the mortgage, and according to a well established rule, should be taken most strongly against him, if there be doubt or ambiguity m its terms. If it were the intention of the parties that performance of the obligation could be required only at a particular place, that intention could easily have been expressed, as could any other condition qualifying the rights of the promisee. As a general rule, where no place is mentioned for the performance of an obligation, it is to be performed to the obligee in person, who may designate any reasonable place of performance; and that rule has been held applicable, in many cases, to contracts of the kind we have under consideration. Wilder v. Whittemore, 15 Mass., 262; Crocker v. Crocker, 11 Pick., 252; Thayer v. Richards, 19 Pick., 398; Pettee v. Case, 2 Allen, 546; Hubbard v. Hubbard, 12 Allen, 586; McArthur v. Gorden, 126 N. Y., 597; Stillwell v. Pease, 4 N. J. Eq. (3 Green), 74; Rowell v. Jewett, 69 Me., 293.
In some of the cases cited, the question arose upon the construction of wills, requiring devisees or legatees to provide support for persons named; while in others, it was made on mortgages with conditions similar to that of the mortgage in question; and the rule as stated is recognized in all'of them. In the case of Wilder v. Whittemore, it was held that: “Upon a mortgage, conditioned that the mortgagor shall maintain and support the mortgagee during life, the mortgagee has the right to support wherever he shall choose to reside, so that needless expense be not created to the mortgagor. ’ ’ *504 And in Pettee v. Case, the court held, that the condition of a mortgage, not differing in any essential feature from the one before us, was broken when the mortgagor after knowledge that the persons entitled to support are at a reasonable place, where they intend to receive their support, declares to the person in whose family they are that he will not pay for their support at that place, and dqes not pay therefor, though no special demand is made upon him for the support. It is said in the opinion of the court, that under such a contract the mortgagor “was bound to support the mort gag’ees, without their making- a demand for support. And they were not bound to receive support at his house, but had a right to be supported wherever they might choose to live, provided they causo no needless expense. ” We concur in that interpretation, and find nothing in the obligation of theplaintiff in error which requires a different construction, or gives it any different effect.
Contracts of this nature, entered into by persons of declining years when their capacity for business has in some measure become impaired, with children or relatives who receive not only a full consideration for their engagement, but usually something- ' in way of bounty also, should receive a liberal construction in favor of such elderly people, and the corirts have enforced a corresponding performance in their behalf. A comfortable support and maintenance, which Tuttle’s agreement bound him to furnish, must have been understood by the parties to be such as would comfortably situate Burgett and his wife, as well as sripply them with adequate food and clothing, and other necessaries of life; and to afford them that comfort, they should be allowed reasonable *505 liberty in the choice of their situation and surroundings, there being no express limitation in that respect contained in the contract. To deny them that privilege, and compel them to remain under the control of the party whose pecuniary interest it is to be relieved of the burden at the earliest moment, would place them in a condition of dependence scarcely less in degree than that of persons under guardianship, and occasion a constant dissatisfaction and discomfort which would defeat an important purpose, and the real spirit of the contract, though there should be the strictest observance of its letter in the'supplies provided for them; and that restraint should not be imposed unless it is made to appear with reasonable certainty that such was the agreement of the parties.
The cases of Parker v. Parker, 126 Mass., 433, and Currier v. Currier, 2 N. H., 75, are cited in support of the construction claimed by the plaintiff in error. In the former of these cases, in giving construction to a will by which the testator gave to his widow during life the use of all his property, including the homestead farm where he and his family had always lived, and to his unmarried daughter a small sum of money, and “a home and maintenance during the time she remained unmarried, ” it was held to be the intention of the testator that the daughter should have “the home and maintenance” given her, on the farm where the family lived. It was evidently expected by the testator that the widow would remain on the homestead devised to her, and that the daughter while she remained unmarried, should live at home with her mother. In giving that construction to the will, the court said.: “Where a testator provides in his will, that his wife, child or other per *506 son shall be supported and maintained by his executor, or where the condition of a deed or mortgage recites that the grantee or mortgagor shall support the grantor or mortgagee, and the instrument does not point out that the support shall be provided in a particular place, then the party so entitled may have the support where, under reasonable limitations, he may choose to reside. But if the instrument points out the place where the support shall be furnished, it is not the right of the party entitled to receive it to demand that it shall be furnished elsewhere. Each case must be decided on its own facts, looking to the instrument and the surrounding circumstances.” In the Currie case, a son-in-law, in consideration of a conveyance of land made to him by his father-in-law, agreed to pay the latter’s debts and provide necessary support for him and his wife; or, on failure to do so, to lease to them for life the farm where he resided ; which latter clause it was held, sufficiently indicated the home of the son-in-law as the place of performance of his agreement. . The court say that where, in contracts of that description, the parents retain a life lease or mortgage interest in the farm they occupied before, “the place of performance would then seem to be the house before, occupied by the parents.” What would be the proper interpretation of a mortgage, securing an engagement to support the mortgagee, taken upon lands granted to the mortgagor as the consideration of his promise, was not before the court, and the statement of what seemed to that court would be the proper construction of such an instrument concerning the place of performance, is against the weight of authority, as will be seen by reference to the cases we have hereinbefore *507 cited, which, in our opinion, establish the better rule. But conceding the force of the circumstances mentioned as indicating the home occupied by the parents, or that of the testator, as the place for the performance of such an engagement, they are without force as tending to fix any other place where support shall be furnished ; and therefore, neither of the cases relied on by the plaintiff in error sustains his contention that his home in Geneva, remote from the Burgett homestead, was the place where he should perform his contract; and, as neither of the parties claim the homestead was such place of performance, the cases loose their applicability, and leave the obligation of Tuttle in that class where no particular place of performance is specified.
2. The record shows that on the trial in the circuit court, counsel for the plaintiff in error asked of one of his witnesses what Burgett said, prior to the execution of the deed and mortgage, “as to where he was to live if this contract was entered into.” An objection to the question was sustained, and an exception taken, counsel stating that he expected ‘ ‘ the answer would be that at the time the contract was made, it was understood between them, and Mr. Burgett said that he expected, if the contract was made, to live at Mr. Tuttle’s in Geneva; that he was going to live with Mr. Tuttle; that one inducement in making the contract was to get off the farm.” The exclusion of that testimony is assigned for error, and it is contended that it was admissible under the rule which permits proof of the circumstances surrounding the parties when a written contract is entered into.
*508 There can be no doubt that in giving- construction to a written instrument regard may be had to the situation of the parties, and the surrounding-circumstances; and these may be shown by parol, to enable the court called on to interpret the instrument, the better to understand its terms, and arrive at the intention of the parties when not clearly expressed. But we do not understand that the oral declarations of a party made prior to or at the time of the execution of the instrument, of an intention or purpose not thérein expressed, or different from that properly derived from its terms, are within the rule; and unless the evidence excluded by the court below had that effect, it was wholly immaterial and its exclusion of no legal significance. It was competent to show, as was done at the trial, that after the deed and mortgage were delivered, Burgett and wife went to live at the home of Tuttle; but, since by the terms of the mortgage they were entitled to receive their support and maintenance at such reasonable place as they might select, the fact that they accepted it for a time at Tuttle’s house, was not inconsistent with their claim that they had a right to receive it elsewhere; nor did it establish a practical construction of the mortgage at variance with that claimed by the plaintiff in the action.
3. The claim most earnestly pressed by the plaintiff in error is, that the suit of Burgett to set aside his conveyance and recover back the property transferred to Tuttle, relieved the latter from the further performance of his agreement. It may be accepted as a general principle, that where one party refuses performance of his part of an executory agreement, or denies his obligation to perform, the other party cannot be com *509 pelled to perform Ms part of the contract; but the application of that principle here is not so apparent. Burgett had fully performed his part of the contract made with Tuttle, by the conveyance of the farm and delivery of personal property in accordance with its terms. Nothing remained for him to do; but the contract was executory on the part of Tuttle only. Having concluded he had been overreached in the transaction, Burgett sued to rescind and recover what he had parted with under it. Tuttle might have accepted the offer of rescission thus made, which, if followed with a reconveyance and surrender of the property, or by a decree restoring the property, would undoubtedly have discharged him from all further liability. But he resisted the suit,which was abandoned and dismissed without trial, leaving the parties in the same situation as if it had never been commenced; and if the claim he now makes were sustained, he would be enabled to retain both the property and the consideration he agreed to pay for it. That, we think, he cannot be allowed to do. While he retained the property his obligation to furnish a support for Burgett and his wife was a continuing one so long as they lived, which could only be discharged by performance, or voluntary relinquishment. The trial court found there had been a failure to perform; and the suit afforded satisfactory evidence of a purpose on the part of Burgett to secure the whole of the property for his use, instead of so much only as could be enforced under the mortgage, from which an intention to fore-go the benefits of the mortgage, if he failed to establish his right to the restoration of the property, could not reasonably be inferred. The case of Jenkins v. Stetson, 9 Allen, 128, on which, reliance *510 is placed by plaintiff in error, rests upon the general principle we have stated. There, a suit was brought on a bond by which the plaintiff agreed to support a widow and her two daughters during their natural lives, in consideration of which the daughters agreed to leave him and his heirs all of their personal property, including what they should receive from their father’s- estate. The mother and one of her daughters having died, the surviving daughter took up her residence with a brother-in-law, and afterward left her personal estate, by will, to her sisters. There was no evidence that the plaintiff had been requested to furnish any support to the daughter after she went to her brother-in-law’s house, but she was requested by the plaintiff to return to his house and receive her support there. It was held, that under the circumstances of that case, a failure by the plaintiff to tender the support at the brother-in-law’s house was not a breach of the bond. But it was not held that the daughter was not entitled to receive it there if she had so requested, nor that a failure to so furnish after demand made would not have been a breach. The proposition declared is: “It is not sufficient proof of a breach of a bond to support another during his natural life, to show that he left the house of the person bound to furnish such support and resided elsewhere for several years, without at any time requesting- him to fulfill his agreement'or in any way exhibiting to him an intention or desire to hold him to the performance thereof. ” It will be observed that the agreement under which the party was entitled to support in that case, was executory on her part, she having agreed to leave all her personal property to the plaintiff as the consideration *511 for his promise to support her; and that she did not perform her-part of the agreement, but left her property to other persons. That feature' of the ease, the court say, tended “very strongly to show that it was her intention, without the knowledge or assent of the plaintiff, to avoid the obligation of the contract into which she had entered with him, and, by ceasing to receive support at his hands, to get rid of the performance of her part of this mutual obligation. Under such circumstances, a tender of performance by the plaintiff was not necessary, and no inference of a failure or omission by the plaintiff to fulfill the agreement would have been warranted.”
We see nothing in that case which conflicts with the conclusion we have reached in this one. Here the contract, as we have seen, entitled Burgett and his wife to have performance of it by Tuttle at such reasonable place as they should select, and he having declared his intention not to furnish them support while absent from his house, no demand upon him was necessary to an action on the mortgage for the reasonable value of their support by others while so absent.

Judgment affirmed.